# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   v.                                                       **Case No. 08-CR-295**

**CHRISTOPHER ATKINS**
        **Defendant.**

## SENTENCING MEMORANDUM

Defendant Christopher Atkins pleaded guilty to possessing a firearm as a felon, contrary to 18 U.S.C. § 922(g), and I set the case for sentencing. In imposing sentence, I first calculate the advisory guideline range, then impose sentence under all of the factors enunciated in 18 U.S.C. § 3553(a). See, e.g., Gall v. United States, 128 S. Ct. 586, 596-97 (2007); United States v. Bush, 523 F.3d 727, 729 (7th Cir. 2008); United States v. Holt, 486 F.3d 997, 1004 (7th Cir. 2007).

## I. GUIDELINES

Defendant's pre-sentence report ("PSR") recommended a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4), based on defendant's prior conviction for a controlled substance offense. The PSR further recommended a 2 level enhancement because the firearm in question was stolen, § 2K2.1(b)(4)(A), and a 3 level reduction for acceptance of responsibility, § 3E1.1, for a final level of 19. The PSR then set defendant's criminal history category at III, producing a guideline range of 37-46 months. Neither side objected to the PSR's calculations, which I found correct and adopted accordingly.

## II. SECTION 3553(a)

**A.    Sentencing Factors**

In imposing the ultimate sentence, the district court must consider all of the factors set forth in 18 U.S.C. § 3553(a), United States v. Harris, 490 F.3d 589, 593 (7th Cir. 2007), cert. denied, 128 S. Ct. 963 (2008):

(1)    the nature and circumstances of the offense, and the history and characteristics of the defendant;

(2)    the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the advisory guideline range;

(5)    any pertinent policy statements issued by the Sentencing Commission;

(6)    the need to avoid unwarranted sentence disparities; and

(7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The statute directs the court, after considering these factors, to impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing: just punishment, deterrence, protection of the public and rehabilitation of the defendant. § 3553(a)(2). While the guideline range will generally be the starting point in making this

2

determination, the district court may not presume that the guideline sentence is the correct one. Nelson v. United States, 129 S. Ct. 890, 892 (2009); Gall, 128 S. Ct. at 596-97; Rita v. United States, 127 S. Ct. 2456, 2465 (2007). Rather, the court must independently determine an appropriate sentence based on all of the circumstances of the case and under all of the § 3553(a) factors. See United States v. Carter, 530 F.3d 565, 578 (7th Cir.), cert. denied, 129 S. Ct. 474 (2008); United States v. Taylor, 586 F. Supp. 2d 1065, 1068 (E.D. Wis. 2008).

**B.    Analysis**

    **1.    The Offense**

On October 25, 2008, at about 1:00 a.m., police responding to a shots fired complaint came upon defendant standing on the sidewalk with his hands under this shirt. The officers asked him to show his hands, but instead he took off running. The officers caught defendant after he slipped on the grass and recovered a 9 mm pistol from his right pants pocket and a digital scale from his left pocket. They also found a loaded magazine two feet from defendant and a box containing thirty rounds of ammunition on the ground where they initially saw him. At about 3:00 a.m. that same day, defendant's cousin reported the gun and ammunition stolen, accusing defendant of breaking into her home and taking the gun. She later declined to press charges, but as a convicted felon defendant could not lawfully possess a gun regardless of the means of acquisition.

    **2.    The Defendant**

Defendant was twenty-four years old, with two prior felony convictions. In 2006, he was convicted of cocaine delivery. That case involved .26 grams of crack, and a state court placed him on probation for 18 months. However, he was later revoked based on positive drug tests

3

and termination from a halfway house program offered as an alternative. While serving his 6-month revocation sentence he escaped from the House of Corrections by failing to return from a pass, leading to a 30 day jail sentence.

Defendant dropped out of school, compiled no work record and received SSI. The PSR described significant mental health issues, which apparently had not been addressed in a sustained way. Defendant took various medications while detained in this case, and the PSR listed a variety of diagnoses. He reported past use of marijuana but did not consider it a problem. The only family member who spoke to the PSR writer, his cousin, stated that defendant had stolen from her and was not welcome back. She stated that he was a good person, but functioned on a fairly low level and needed to be monitored. Defendant's parents could not be reached. Defendant had a child of his own, age one, but he did not appear to be involved in her life due to issues with the mother. Paternity had not been legally established.

During his allocution, defendant indicated that he was committed to taking his medication and bettering himself. He indicated a desire to study massage or carpentry.

### 3. The Sentence

The guidelines called for a term of 37-46 months, and I agreed that a substantial prison sentence was needed to satisfy the purposes of sentencing. This was a serious offense, particularly given the circumstances surrounding the arrest, the acquisition of the gun, and defendant's flight from the officers. Defendant's prior record was not suggestive of violence, and the drug case resulting in the higher base level under the guidelines seemed relatively minor. However, his record was indicative of someone who did not follow the rules in the community. He was revoked from probation and escaped from the work release facility. Confinement in prison was needed to protect the public from further crimes. Lesser sentences

had not sufficed to correct defendant's behavior, so a significant prison term was also needed to deter. Defendant had treatment needs, and I made appropriate recommendations to the Bureau of Prisons ("BOP") and included appropriate conditions of supervised release.

Defendant asked for a sentence of a year and a day, followed by three years supervised release. I agreed with the long supervision term but found the prison recommendation insufficient. First, defendant argued that the simple fact that the case had been charged federally, rather than in state court, reflected the nature of the crime and promoted respect for the law. That the public may view federally charged offenses more seriously than state cases, which may or may not be the case, did not really help me select a sentence sufficient to satisfy § 3553(a)(2)(A). I discussed the serious nature of the offense conduct above. I did not see the fact that defendant had been hailed into federal rather than state court as supporting a lesser sentence, not under these facts. I also noted that federal gun cases are not rare. They comprise the third largest category of cases nation-wide, after drug and immigration prosecutions. United States Sentencing Commission, 2008 Sourcebook of Federal Sentencing Statistics 11 (2009). In this district, they comprise the second largest category, trailing only drug prosecutions. Id. at 265.

Second, defendant noted that just punishment is not necessarily achieved by the longest possible sentence, and I agreed with that. The sentence has to fit the offense and the offender, and I discussed the particulars regarding both. Pursuant to § 3553(a)(2)(D), I included conditions addressing defendant's mental health issues. I did note the absence of any clear indication in the record that mental health issues contributed to the offense conduct.[1]

---

[1] At sentencing, defendant argued that, due to his mental health and cognitive issues, prison would be harder for him than for the average inmate. I saw little support for this

5

Third, defendant argued that his recommended sentence would provide sufficient deterrence, generally because the case was handled federally, and specifically because it was twice as long as his previous sentence on the drug case. Again, I did not see the fact that this case was charged federally as supporting a lesser sentence than I would otherwise consider necessary. Defendant presented no evidence that federal charges deter better than state charges or are, as a general matter, more harsh than state charges. He did not appear to be making a state/federal sentencing disparity argument, and if he was (assuming that is a legitimate consideration) he presented no statistics to support it. I agreed that, as a general matter, courts should impose incremental punishment to achieve specific deterrence, see. e.g., United States v. Qualls, 373 F. Supp. 2d 873, 877 (E.D. Wis. 2005), but the facts of this case demanded more than defendant's suggested sentence. Defendant escaped from custody while serving the 6 month revocation sentence, which showed that even a jail term would not deter him, and he committed this offense within about a year of his release, which showed that the jail term had little or no effect in deterring him from re-offending.

Fourth, defendant asked me to consider his treatment needs, including mental health and literacy, and noted that prison was not needed to meet either. I agreed that I should not imprison someone to promote rehabilitation, and I did not impose a longer sentence than I otherwise would have to achieve that goal here; I did, as stated earlier, include conditions of supervision to address these issues, in addition to appropriate recommendations to the Bureau of Prisons.

Finally, defendant argued that his recommended sentence would not create

---

assertion in the record.

6

unwarranted disparity when the individual circumstances were taken into account. I am free to impose a non-guideline sentence, and doing so does not violate § 3553(a)(6) so long as the sentence is supported by the other § 3553(a) factors. Defendant suggested a sentence that varied from the guidelines more than the sentence I considered sufficient but not greater than necessary, but I did not reject the defense recommendation based on disparity; I rejected it because it was insufficient to satisfy the purposes of sentencing.

Under all the circumstances, I found a sentence of 30 months sufficient but not greater than necessary. I based this sentence on the § 3553(a) factors, discussed herein, and specifically in regards to the guideline recommendation, in recognition of the fact that the prior conviction producing the base level of 20 was a minor drug case, not a violent offense or one that otherwise suggested a tendency towards gun violence. The Commission's research does not support the need for significantly longer sentences based on minor, prior drug cases. See United States Sentencing Commission, Fifteen Years of Guideline Sentencing 133-34 (Nov. 2004); see also K. Anthony Thomas, Memorandum in Support of John Doe's Position on Sentencing 10-12 (2008) (discussing a Commission Working Group Report on § 2K2.1), http://www.fd.org/pdf_lib/2K2.1%20Sentmemo.pdf. I balanced against this the aggravating circumstances of the offense and defendant's additional felony conviction for escape.

### III. CONCLUSION

I therefore committed defendant to the custody of the Bureau of Prisons for 30 months, with recommendations for a mental health evaluation and treatment, drug treatment, and educational development. I encouraged defendant to take advantage of the resources the Bureau has to offer. Upon release, I ordered defendant to serve three years of supervised release. I selected the maximum supervision term to ensure that he was monitored and

7

addressed his treatment needs. As conditions, I ordered drug testing and treatment, mental health treatment, and a period of community confinement to ensure needed structure after release. Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 29th day of May, 2009.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

8